**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, | ) ) ) ) ) ) ) ) ) ) | |
| | | No. 16 C 9640 |
| Plaintiffs, | ) ) | Judge |
| v. | ) ) | Magistrate Judge |
| HUGH HENRY CONSTRUCTION, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, **HUGH HENRY CONSTRUCTION, INC.**, as follows:

**COUNT 1**

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF

CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502 ("the Fund") have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.     (a)     Defendant, **HUGH HENRY CONSTRUCTION, INC ("HUGH")** is an Illinois domestic corporation engaged in an industry affecting commerce.

5.     Since on or about July 23, 2013, **HUGH** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees by virtue of submission of monthly benefit reports pursuant to which Defendant agrees to abide by the union agreement. (Exhibit "A")

6.     By virtue of certain provisions contained in the collective bargaining agreements, **HUGH** is bound by the Trust Agreement establishing the Funds, as the successor and/or alter ego of **HUGH**.

7.     Under the terms of the collective bargaining agreements and Trust Agreements to

which it is bound, **HUGH** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.      Plaintiffs are advised and believe that for **July 23, 2013 through the present, HUGH** has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the Terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and obligations under applicable state and federal statutes.

9.      Defendant owes liquidated damages for the months of **March 2015 through May 2016 in the amount of $13,048.89**.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.      **HUGH** be ordered to submit to an audit for **July 23, 2013 to the present.**

B.      Judgment be entered on liquidated damages due for the months of **March 2015 through May 2016 in the amount of $13,048.89**.

C.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.      **HUGH** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CEMENT MASONS
PENSION FUND, LOCAL 502, et. al.**


By: s/ Donald D. Schwartz
      One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415

4